UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-60820-CIV-MORENO**

STEPHEN JEAN-JACQUES and ROSE
GERTA JEAN-JACQUES,

                Plaintiffs,

vs.

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK AS TRUSTEE
ON BEHALF OF HOLDERS OF THE
ALTERNATIVE LOAN, TRUST 2006-41CB,
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-41CB,

                Defendant.

_____/

## <u>ORDER GRANTING MOTION TO DISMISS</u>

Plaintiffs bring this case against The Bank of New York Mellon, the bank that held the mortgage on their property. Plaintiffs' complaint asserts claims under the Truth in Lending Act and the Federal Uniform Commercial Code, as well as a claim for fraud. Plaintiffs' allegations do not support any claims under the Truth in Lending Act. Even if there were any viable claims, the applicable statute of limitations would bar any such claims. Plaintiffs allegations likewise fail to state a claim for fraud under Florida law and fail to plead fraud with particularity. Finally, there is no independent cause of action under the Uniform Commercial Code under which Plaintiffs can assert a claim based on an impermissible assignment or a splitting of the note from the mortgage. Accordingly, the motion to dismiss is granted.

THIS CAUSE came before the Court upon Defendant Bank of New York Mellon's Motion to Dismiss **(D.E. 4)**, filed on **April 4, 2019**.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is GRANTED and the case is DISMISSED without prejudice.

## I.  Background

Plaintiffs complaint seeks redress from a foreclosure by the Defendant The Bank of New York Mellon.  This case, however, is not a foreclosure action.  The 3-count complaint seeks redress under the Truth in Lending Act, for fraud, and under the Federal Uniform Commercial Code.  From what is discernible, the complaint suggests that Plaintiffs do not believe that their mortgage was enforceable, that the bank was authorized by law to lend money, or that the Defendants received an enforceable assignment of their mortgage.  The mortgage, itself, dates to November 9, 2006, when Plaintiffs executed a note and a mortgage securing a loan to finance the purchase of real property located at 114 N.W. 8th Avenue, Hallandale Beach, Florida 33009.

## II.  Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true.  *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).  This tenet, however, does not apply to legal conclusions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950. Pleadings by *pro se* plaintiffs, however, are held to a less stringent standard and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead the circumstances constituting fraud with particularity. In considering a motion to dismiss for failure to plead fraud with particularity, however, courts must also keep in mind the notice pleading standard set forth in Rule 8(a). Courts "must be careful to harmonize the directives of Fed. R. Civ. P. 9(b) with the broader policy of notice pleading." *SEC v. Physicians Guardian Unit Inv. Trust ex rel. Physicians Guardian, Inc.*, 72 F. Supp. 2d 1342, 1352 (M.D. Fla. 1999) (citing *Friedlander v. Nims*, 755 F.2d 810, 810 (11th Cir. 1985)). According to the Eleventh Circuit, "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)).

### III.   <u>Legal Analysis</u>

*A.  Truth in Lending Act Claim*

Plaintiffs' Truth in Lending Act claim asserts that Defendants hid "full disclosures from its customers. The Bank of New York Mellon has fraudulently coerced and tricked plaintiffs in signing up for a loan modification for fear that plaintiffs would lose their home in a foreclosure lawsuit. . .What defendant was not aware of was the fact that their house had been paid off by their signature when they both signed a promissory note November 9, 2006." Plaintiffs add that their signatures convert the "original promissory note into a check." As to specific violations of the Truth in Lending Act, Plaintiffs' complaint states that they were not told about the "Federal Reserve Bank Policies and Procedures," that their promissory note would be converted into a "negotiable instrument," and that the promissory note would be sold as an asset of the bank without valuable consideration given to Plaintiffs. Lastly, Plaintiffs allege that Defendant failed to disclose that Defendant would "create a new account" in Plaintiffs' name and issue a check from the account as the source of funds for the loan. To support these purported violations, Plaintiffs cite a statutory code section, 12 U.S.C. § 1831(a). That code section does not exist.

Defendants move to dismiss the claim arguing that the Truth in Lending Act does not require these disclosures. In response, Plaintiffs do not identify any Truth in Lending Act statutory provisions to support these claims. Rather, Plaintiffs appear to take issue with the validity of Defendant's assignment of the mortgage and its ability to foreclose on the property. Those issues should be addressed in a foreclosure proceeding, but they have no relevance to this Truth in Lending Act claim. In addition, the Court notes that the Plaintiffs' own allegations establish that this mortgage dates to 2006 – 13 years ago. Even if Plaintiffs could state a

violation, the Truth in Lending Act's statutue of limitations has passed.[1]  *See* 15 U.S.C. § 1640(e); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 856 (11th Cir. 2004) (recognizing that dismissal on statute of limitations grounds is appropriate if it is apparent from the complaint that it is time-barred).

B. *Fraud*

To state a claim for fraud under Florida law, Plaintiffs must allege: (1) false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on that representation. *Mendez v. U.S. Bank Nat'l Assoc.*, No. 16-24490-CIV-Williams, 2017 WL 5634940, *4 (S.D. Fla. July 24, 2017).  In addition to pleading these elements, Federal Rule of Civil Procedure 9 requires plaintiffs to plead fraud with particularity.  The Eleventh Circuit has interpreted this to mean that the complaint must set forth (1) precisely what statement or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *Owl Creek, L.P. v. Ocwen Financial Corp.*, No. 18-80506-CIV-Bloom, 2018 WL 4844019, *5 (S.D. Fla. Oct. 4, 2018) (citing *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011)).

The basis of Plaintiffs fraud claim is that "[b]anks cannot loan credit money so how can the plaintiff owes[sic] money if he was never loan[sic] any money."  Certainly, this statement

---

[1] Because the Court cannot discern what provision supports Plaintiffs' claims, the Court cannot determine the applicable statute of limitations. The Truth in Lending Act provides a one or three year statute of limitations depending on the nature of the underlying violation. Even presuming the 3-year statute of limitations is applicable, it has long passed based on Plaintiff's own allegations.

does not state a claim for fraud under Florida law or the particularity required by Rule 9. Accordingly, the Court dismisses the fraud count without prejudice.[2]

    *C.   Federal Uniform Commercial Code*

Count 3 of the Plaintiffs' complaint is under the Federal Uniform Commercial Code. There is no Federal Uniform Commercial Code. *See Lindsey v. Fed. Nat'l Mortgage Assoc.*, No. 10-cv-03153-RLV-RGV, 2010 WL 11650802, *2 (Oct. 18, 2010). To the extent that Plaintiffs are trying to state a claim under Florida's Uniform Commercial Code, Plaintiffs claim seems to be based on an impermissible splitting of the note and the mortgage or an impermissible assignment.

Florida's Uniform Commercial Code does not provide a private right of action for these claims. *See Chaparro v. Nationstar Mortgage, LLC*, No. 16-61180-CIV-Scola, 2016 WL 10952524, *3 (S.D. Fla. Nov. 28, 2016) ("[T]here are no independent causes of action under the UCC as codified in Florida Statutes §§ 671.201 and 671.203."). In addition, Plaintiffs' split the note and improper assignment mortgage-voiding theories do not support a cause of action under Florida law. *See Rinderknecht v. Quicken Loans, Inc.*, No. 15-cv-19-FtM-29MRM, 2016 WL 1271474, *3 (M.D. Fla. April 1, 2016). Accordingly, the Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of May 2019.

                                     FEDERICO A. MORENO
                                     UNITED STATES DISTRICT JUDGE

---

[2] In responding to the motion to dismiss, Plaintiffs cite *First National Bank of Montgomery v. Daly*, a 1968 unpublished opinion issued by a justice of the peace in Scott County, Minnesota. This case has no application here.

Copies furnished to:

Counsel of Record

Stephen Jean-Jacques & Rose Gerta Jean-Jacques
114 NW 8th Ave.
Hallandale Beach, FL 33009
<u>Pro Se</u>